MEMORANDUM **
Bang Hai Khong was charged with and convicted of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. Before appealing he filed a 28 U.S.C. § 2255 motion to collaterally challenge his conviction. Khong argued that he was prejudiced by ineffective assistance of counsel during the plea bargaining stage of his trial. The district court denied the motion, and *495 Khong now appeals from his conviction and from the denial of his § 2255 motion.
We conclude that Khong’s arguments for reversal of his conviction are meritless. The district court did not err in denying the motion to suppress because the initial stop of Khong’s car was reasonable, and Khong consented to the subsequent search. See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Sehneekloth v. Bustamante, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Nor did the district court abuse its discretion by limiting the testimony of Khong’s proffered expert. See Menendez v. Terhune, 422 F.3d 1012, 1033 (9th Cir.2005). However, we reverse the denial of the § 2255 motion and remand for further proceedings.
We review de novo a district court’s decision in a § 2255 motion and for clear error any factual findings made by the district court. See United States v. Christakis, 238 F.3d 1164, 1168 (9th Cir.2001). To establish a claim for ineffective assistance of counsel, Khong must demonstrate that his attorney’s performance “ ‘fell below an objective standard of reasonableness’ ” and that the deficient performance prejudiced him. See Perez v. Rosario, 459 F.3d 943, 946 (9th Cir.2006) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In the context of a plea bargain, he must prove that “but for counsel’s bad advice the outcome of the plea bargaining would have been different.” Id. at 948.
Khong asserts that his attorney’s performance was deficient because he incorrectly informed Khong of the possible sentencing exposure and the strength of the government’s case. Khong’s attorney informed him that if he accepted the government’s offer to plead guilty to conspiracy to distribute methamphetamine, his minimum possible sentence would have been 10 years. Because there was no legal impediment to the application of the safety valve provision in 18 U.S.C. § 3553(f), the correct possible minimum was 87 months. Khong’s attorney also told him that if he went to trial, his probable sentence was between 14-16 years. In contrast, his maximum exposure by statute was life on one charge and 20 years on the other, and the applicable guideline range was 262-327 months (approximately 22-27 years).
As to the strength of the government’s case, Khong’s attorney advised him he had a 50/50 chance of prevailing at trial. The attorney told Khong that his defense was that he had not committed an overt act in furtherance of the conspiracy. This advice utterly lacks legal merit. See United States v. Hernandez-Orellana, 539 F.3d 994, 1007 (9th Cir.2008) (noting that proof of an overt act is not necessary for conviction of a drug conspiracy). Khong’s attorney later argued that his theory of the conspiracy case was that Khong never actually had the intent to complete the conspiracy and was instead planning to rip off the money without delivering drugs. Khong’s attorney was doubtless aware that to prove intent the government intended to offer tape recorded conversations in which Khong directly participated in planning meetings for the conspiracy. Khong had no defense to the charge of possession of methamphetamine except to contest his intent to distribute it.
The district court found that Khong’s trial attorney failed to correctly inform him about his possible sentencing exposure, but it determined that the deficient performance was not prejudicial because Khong believed the government’s case was weak. Khong argues on appeal that he only believed the government’s case was weak because his attorney told him it was. The district court incorrectly determined that the attorney’s advice regarding the strength of the case was reasonable. This *496 conclusion led the court to incorrectly conclude there was no prejudice because it failed to appropriately attribute Khong’s belief the case was weak to his attorney’s advice on that matter. But for counsel’s advice regarding the strength of the government’s case and incorrect advice regarding his possible exposure, there is a reasonable probability Khong would have accepted the plea offer. See Nunes v. Mueller, 350 F.3d 1045, 1051-52 (9th Cir.2003). Therefore, we reverse the district court’s denial of Khong’s § 2255 motion, and remand for the district court to fashion a remedy that puts Khong “back in the position he would have been in if the Sixth Amendment violation never occurred.” Id. at 1057 (internal quotation omitted).
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.